**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHONETTE MADISON**, individually and on behalf of all others similarly situated, | ) | Case No. |
| Plaintiff, | ) | |
| v. | ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **THE UNIVERSITY OF CHICAGO MEDICAL CENTER** | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

Named Plaintiff Shonette Madison ("Named Plaintiff"), on behalf of herself and others similarly situated, for this collective and class action Complaint against Defendant, The University of Chicago Medical Center ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges certain policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*

2. Named Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Named Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join this case pursuant to 29 U.S.C. §216(b).

3. Named Plaintiff also brings this case as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the IMWL and IWPCA.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Named Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district as a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district and Defendant conducted substantial business in this district.

## PARTIES

### A. Named Plaintiff

7. Named Plaintiff Shonette Madison is an adult individual residing in Joliet, Illinois. Her consent to join this action, pursuant to 29 U.S.C. § 216, is attached hereto as Exhibit 1.

8. Named Plaintiff was employed by Defendant from approximately June 2025 until approximately June 2026, as an hourly, non-exempt employee. Specifically, Named Plaintiff was employed by Defendant as an hourly Phlebotomist.

9. At all relevant times, Named Plaintiff and other similarly situated employees were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e), and the meaning of the IMWL, 820 ILCS §105/3, and the IWPCA, 820 ILCS §115/2.

**B. Defendant**

10. Defendant is an Illinois hospital system with headquarters at 5841 S. Maryland Ave., Chicago, Illinois 60637. Defendant can be served through its registered statutory agent: Rachel Spitz at 5841 S. Maryland Ave., Chicago, Illinois 60637.

11. At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that it has employees engaged in commerce or in the production of goods for commerce.

12. Defendant has an annual gross volume of sales made or business done of not less than $500,000.00.

13. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. At all relevant times, Defendant was also an "employer" of Named Plaintiff and those similarly situated employees within the meaning of the IMWL, 820 ILCS 105/3(c) and IWPCA, 820 ILCS 115/2.

## FACTUAL ALLEGATIONS

15. At all relevant times, Named Plaintiff and other similarly situated employees worked for Defendant as hourly, non-exempt employees in Illinois.

16. Named Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek.

17. Named Plaintiff and other similarly situated employees are required to clock in and out at the beginning and end of their shifts using Defendant's electronic timekeeping system.

18. Defendant instructs employees that they are "expected to be ready for work when they clock-in and are expected to begin work at their scheduled start time."

19. At the beginning of their workdays, Named Plaintiff and other similarly situated employees clocked in before their scheduled start time and began performing the principal activities of their jobs.

20. At the end of their workdays, the demands of Named Plaintiff and other similarly situated employees' work often carried through past their scheduled shift end time.

21. Named Plaintiff and other similarly situated employees clocked out immediately after ceasing their principal activities, which was often after their scheduled shift end time.

22. However, Defendant did not pay Named Plaintiff and other similarly situated employees based on their clocked times. Instead, Defendant paid hourly employees based on post-edited, rounded, modified, and inaccurate records which did not include all compensable time worked by those employees.

23. Defendant knowingly and willfully violated the FLSA and Illinois law by engaging in the above-mentioned violations.

24. At all relevant times, Defendant was fully aware of the fact that it was legally required to comply with the FLSA and Illinois law yet showed reckless disregard for those requirements.

25. As a result of Defendant's policies and practices of rounding employee time clock entries, editing employees clocked times, and/or only paying employees from their shift start time to their shift end time, Defendant failed to pay Named Plaintiff and other similarly situated employees for all hours worked, including all hours worked in excess of forty (40) in a workweek at a rate of one and one-half times their properly calculated regular rate, in violation of the IMWL and IWPCA.

26. At all relevant times, Defendant was fully aware of the fact that it was legally required to pay for all working hours, including overtime compensation, by the FLSA and Illinois law.

**Defendant's Recordkeeping Violations**

27. The FLSA and Illinois law require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; 820 ILCS 105/8, § 8.

28. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

29. Defendant kept records of some hours worked but had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

30. However, because of Defendant's policy of not paying for all compensable time described herein, Defendant failed to accurately track, keep, or transmit the hours worked each day by Named Plaintiff and other similarly situated employees.

31. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly excluded compensable time worked. Defendant's failure to correctly classify such time as compensable hours worked had the direct

effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated employees.

32. Defendant willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA, IMWL, and IWPCA, and violated those laws' recordkeeping requirements.

## COLLECTIVE ACTION ALLEGATIONS

33. Named Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

34. The collective (FLSA Collective) which Named Plaintiff seeks to represent and for whom Named Plaintiff seeks the right to send notice under the FLSA is defined as:

> **All current and former hourly, non-exempt employees of Defendant in Illinois, including temporary employees as applicable, who performed pre-shift and/or post-shift work for Defendant, and who worked forty (40) or more hours during any workweek at any time from three (3) years preceding the filing of this Complaint through the final disposition of this matter ("FLSA Collective Members").**

35. Named Plaintiff and the FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

36. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims against Defendant. Named Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

37. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subject to and injured by Defendant's unlawful practice of failing to pay Named Plaintiff and others similarly situated an overtime premium of one and one-half times their regular rates for all hours that exceeded forty (40) in a workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

38. The identities of the putative FLSA Collective Members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 516.2.

## RULE 23 CLASS ACTION ALLEGATIONS

39. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of two classes of employees who have similar claims under the laws of the State of Illinois, which are defined as:

> **All current and former hourly, non-exempt employees of Defendant in Illinois, including temporary employees as applicable, who performed pre-shift and/or post-shift work for Defendant, and who worked forty (40) or more hours during any workweek at any time from three (3) years preceding the filing of this Complaint through the final disposition of this matter ("IMWL Class")**
>
> **and**
>
> **All current and former hourly, non-exempt employees of Defendant in Illinois, including temporary employees as applicable, who performed pre-shift and/or post-shift work for Defendant, and who worked forty (40) or more hours during any workweek at any time from ten (10) years preceding the filing of this Complaint through the final disposition of this matter ("IWPCA Class")**

40. The IMWL and IWPCA Classes are collectively referred to hereinafter as the "Rule 23 Classes" and the members of the IMWL and IWPCA Classes are collectively referred to as the "Rule 23 Class Members."

41. The Rule 23 Classes are so numerous that joinder of all members is impracticable. The exact number of class members of each is unknown, but both are estimated to exceed one hundred (100) individuals. The exact number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Illinois law.

42. There are questions of law or fact common to the Rule 23 Classes including whether Defendant failed to timely pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated, for all hours worked, as well as all hours worked in excess of forty (40) in any week at the lawful amount of one and one-half times their respective properly calculated regular rate as a result of Defendant's failure to compensate Named Plaintiff and other similarly situated employees for all hours worked or suffered to work.

43. The questions of law or fact that are common to the Rule 23 Class Members predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Rule 23 Class Members, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

44. Named Plaintiff's claims are typical of the claims of the Rule 23 Class Members. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Rule 23 Class Members.

45. Named Plaintiff and the Rule 23 Class Members have all been injured in that they have not been timely compensated due to Defendant's common policy, practice, and willful conduct. Defendant's corporate wide policies and practices described herein affected the Rule 23 Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Rule 23 Classes.

46. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 Classes. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of the Rule 23 Classes.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring the Rule 23 Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
## (Fair Labor Standards Act Violations)

48. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective Members who will join this case pursuant to 29 U.S.C. § 216(b).

50. The FLSA requires that Defendant's hourly non-exempt employees receive overtime compensation for all hours worked in excess of forty (40) per workweek of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

51. As hourly non-exempt employees, Named Plaintiff and the FLSA Collective Members were not paid for all time worked because Defendant failed to pay Named Plaintiff and the FLSA Collective Members for work performed before and after their scheduled shifts.

52. Named Plaintiff and the FLSA Collective Members were not paid lawful overtime compensation of one and one-half times their regular rates for hours worked in excess of forty (40) in a workweek, resulting in violations of the FLSA.

53. Named Plaintiff and other similarly situated employees regularly worked forty (40) or more hours per workweek for Defendant.

54. Defendant's practice and policy of not paying Named Plaintiff and others similarly situated for compensable working time performed resulted in Defendant's failure to pay Named Plaintiff and the FLSA Collective Members overtime compensation at a rate of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

55. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the FLSA Collective Members all overtime compensation earned at a rate of one and one-half times their properly calculated regular rates of pay.

56. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

57. As a result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective Members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## COUNT TWO
## (IMWL Violations)

58. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Named Plaintiff brings this claim for violation of the IMWL, on behalf of herself and all members of the Rule 23 Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

60. Named Plaintiff and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the IMWL.

61. The IMWL requires employers to pay their employees minimum wages for all hours worked, and overtime compensation of one and one-half times their regular rate of pay for hours worked in excess of forty (40) per week. *See* 820 ILCS 105/4 and 4a.

62. Named Plaintiff and the Rule 23 Class Members were not paid for all time worked because Defendant failed to pay Named Plaintiff and the Rule 23 Class Members for compensable working time.

63. At all relevant times, Named Plaintiff and the Rule 23 Class Members regularly worked forty (40) or more hours per workweek for Defendant.

64. Defendant's practice and policy of not paying Named Plaintiff and the Rule 23 Class Members for all time worked resulted in Defendant's failure to pay Named Plaintiff and the Rule 23 Class Members overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) per workweek.

65. Named Plaintiff and the Rule 23 Class Members were not paid lawful overtime compensation of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek, resulting in violations of Illinois law.

66. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the Rule 23 Class Members for all hours worked, and all overtime compensation earned at a rate of one and one-half times their properly calculated regular rate.

67. As a result of Defendant's policies and practices stated herein, Defendant failed to pay Named Plaintiff and the Rule 23 Class Members all overtime compensation earned at a rate of not less than one and one-half times their regular rates of pay in violation of the IMWL.

68. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the IMWL.

69. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and the Rule 23 Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

**COUNT THREE**
**(IWPCA Violations)**

70. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

71. The IWPCA, 820 ILCS 115/4, provides that "[a]ll wages earned by an employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned. All wages earned by an employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned."

72. Named Plaintiff brings this claim for violation of the IWPCA, on behalf of herself and all members of the Rule 23 IWPCA Class.

73. Named Plaintiff and the Rule 23 IWPCA Class Members were not paid for all time worked because of Defendant's practices like rounding and time clock editing, which excluded compensable work from Named Plaintiff's and the Rule 23 IWPCA Class Members' paid hours.

74. As a result of Defendant's policies and practices stated herein, Named Plaintiff and the Rule 23 IWPCA Class Members were not timely paid all wages earned within the time periods required by the IWPCA. This resulted in Named Plaintiff and the Rule 23 IWPCA Class Members not receiving all wages that they earned and were entitled to receive under Illinois law.

75. The exact total amount of overtime compensation that Defendant failed to pay Named Plaintiff and the Rule 23 IWPCA Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

76. Defendant's failure to pay all wages due under the IWPCA to Named Plaintiff and the Rule 23 IWPCA Class Members entitles them to the unpaid wages and "damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." IWPCA, 820 ILCS 115/14.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, individually and on behalf of herself and others similarly situated, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in pursuant to 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and the Rule 23 Class Members;

C. Enter judgment against Defendant and in favor of Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members;

D. Award Named Plaintiff and the FLSA Collective Members liquidated damages equal in amount to the unpaid wages found due to Named Plaintiff and the FLSA Collective Members;

E. Award Named Plaintiff and the Rule 23 Class Members all damages available under the IMWL and/or IWPCA;

F. Award Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members pre-judgment and post-judgment interest at the statutory rate;

G. Award Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and

H. Award Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**TITTLE & PERLMUTER**

*/s/ Scott D. Perlmuter*
Scott D. Perlmuter (OH Bar 0082856)
4106 Bridge Ave.
Cleveland, OH 44113
Telephone: (216) 222-2222
Facsimile: (888) 604-9299
Email: scott@tittlelawfirm.com

and

**NILGES LEGAL GROUP LLC**

Hans A. Nilges (OH Bar 0076017)
Robi J. Baishnab (OH Bar 0086915)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
robi@ohlaborlaw.com

*Counsel for Plaintiff*

**JURY DEMAND**

Named Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
*Counsel for Named Plaintiff*